UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLOTTE COFFANEY,

                Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

                Defendant.

CASE NO. 3:15-CV-05830-MJP-DWC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

Noting Date: June 3, 2016

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff seeks judicial review of the denial of Plaintiff's application for Supplemental Security Income ("SSI") benefits.

The Court concludes, in light of the medical opinion evidence submitted to the Appeals Council from Plaintiff's treating physician, the Administrative Law Judge's ("ALJ") residual functional capacity finding was not supported by substantial evidence in the record as a whole. Therefore, the undersigned recommends the entry of an Order reversing and remanding the ALJ's decision, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

1 | **PROCEDURAL& FACTUAL HISTORY**

2        On June 27, 2012, Plaintiff filed an application for SSI.[1] *See* Dkt. 11, Administrative

3 | Record ("AR") 108, 116. Plaintiff alleges she became disabled due to chronic back pain,

4 | arthritis, and neurosarcoma. *See* AR 136.  Plaintiff's application was denied upon initial

5 | administrative review and on reconsideration. *See* AR 41-42. A hearing was held before ALJ

6 | Steve Lynch on March 4, 2014, at which Plaintiff, represented by counsel, appeared and

7 | testified. *See* AR 284.

8        On March 21, 2014, the ALJ found Plaintiff was not disabled within the meaning of

9 | Section 1614(a)(3)(A) of the Social Security Act. AR 27. Plaintiff's request for review of the

10 | ALJ's decision was denied by the Appeals Council on September 10, 2015, making that decision

11 | the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 4, 20

12 | C.F.R. §§ 404.981, 416.1481. On November 16, 2015, Plaintiff filed a complaint in this Court

13 | seeking judicial review of the Commissioner's final decision.

14        Plaintiff argues the denial of benefits should be reversed and remanded for further

15 | proceedings, because significant, probative evidence considered for the first time by the Appeals

16 | Council leaves the ALJ's decision unsupported by substantial evidence in the record as a whole.

17 | Dkt. 13, p. 1.

18 | I.        Whether the ALJ's Decision was Supported by Substantial Evidence, in Light of a
            Medical Opinion from Plaintiff's Treating Physician which was Submitted to the
19          Appeals Council and Incorporated into the Administrative Record.

20        After the ALJ issued his decision, but before the Appeals Council denied review,

21 | Plaintiff's treating physician, Tracy Williams, M.D., rendered an opinion as to Plaintiff's severe

22

23

24

[1] This is Plaintiff's second application for SSI. AR 16. Plaintiff had previously applied
for SSI and been denied by an ALJ on October 29, 2010. AR 56, 64.

1  impairments and associated limitations. AR 248-49. The Appeals Council considered Dr.

2  Williams' opinion as part of the record, but "found that this information does not provide a basis

3  for changing the [ALJ's] decision." AR 4-5. Plaintiff argues this new medical opinion invalidates

4  the ALJ's findings Plaintiff was capable of light work and was not disabled, as they are no longer

5  supported by substantial evidence in the record as a whole.

6  **A. Standard**

7      A Court may consider new evidence which was presented for the first time to the Appeals

8  Council when evaluating whether or not "in light of the record as a whole, the ALJ's decision

9  was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of Soc.*

10  *Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).

11      Defendant argues this Court does "not have jurisdiction to review a decision of the

12  Appeals Council denying a request for review of an ALJ's decision, because the Appeals

13  Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d

14  1157, 1159-60 (9th Cir. 2012).  Defendant also argues a court cannot consider evidence which

15  was not before the ALJ without conducting an analysis under Sentence Six of 42 U.S.C. §

16  405(g). Specifically, Defendant argues the Court may not remand the case based upon Dr.

17  Williams' opinion, unless Dr. Williams' opinion is new and material evidence, and Plaintiff

18  shows good cause for failing to provide Dr. Williams' opinion earlier in the administrative

19  proceedings. Dkt. 14, p. 7. 42 U.S.C. § 405(g).

20      Defendant's argument, however, rests on a misunderstanding of the procedural posture of

21  this case. Plaintiff is not seeking review of the Appeals Council's decision, nor is the Court

22  required to apply Sentence Six of 42 U.S.C. § 405(g) in order to review Dr. Williams' opinion.

23  Instead, as in *Brewes*, Plaintiff argues the evidence submitted to the Appeals Council—and

24

1    included in the administrative record—means the *ALJ's* final decision was not supported by

2    substantial evidence. As the *Brewes* court concluded, this is proper. Courts may only review final

3    agency actions, and the ALJ's decision—rather than the Appeals Council's decision to decline

4    review—is a final agency action. *See Taylor*, 659 F.3d at 1231 (*citing Klemm v. Astrue*, 543 F.3d

5    1139, 1144 (9th Cir. 2008); 20 C.F.R. §§ 404.981, 416.1481. However, courts must also review

6    an ALJ's decision for substantial evidence in the administrative record, and "the administrative

7    record includes evidence submitted to and *considered* by the Appeals Council." *Brewes*, 682

8    F.3d at 1162 (emphasis added). Unlike a situation where the Appeals Council declines to

9    consider new evidence and thus does not incorporate the evidence into the administrative

10   record,[2] "when the Appeals Council considers new evidence in deciding whether to review a

11   decision of the ALJ, that evidence becomes part of the administrative record, which the district

12   court must consider when reviewing the Commissioner's final decision for substantial evidence."

13   *Brewes*, 682 F.3d at 1163.

14        Here, Plaintiff submitted a new medical opinion from Plaintiff's treating physician, Dr.

15   Williams, to the Appeals Council on July 6, 2015. AR 250.[3] The Appeals Council actually

16   considered this evidence and incorporated it into the administrative record, but found it did not

17

18   [2] In these situations, the only way a court may consider this evidence is through Sentence Six of
     42 U.S.C. § 405(g). *See, e.g.*, *Knipe v. Colvin*, 2015 WL 9480026, at *5-6 & n.7 (D. Or. 2015) (reviewing
     evidence submitted to, but *not* considered by the Appeals Council nor included in the administrative

19   record, under Sentence Six of 42 U.S.C. § 405(g)); *Winland v. Colvin*, 2014 WL 4187212, at *4 (W.D.
     Wash. 2014) (reviewing evidence submitted to, but *not* considered by, the Appeals Council, under

20   Sentence Six of 42 U.S.C. § 405(g)).
        [3] There is some dispute in the record as to whether Dr. Williams' opinion was actually submitted

21   to the ALJ prior to the date of the ALJ's written decision. *See* AR 27 (the ALJ's written decision was
     dated March 21, 2014), 249 (date-stamp on Dr. Williams' opinion of March 5, 2014), 252 (representing
     Plaintiff's counsel submitted Dr. Williams' opinion to the ALJ twice before March 10, 2014).

22   Nonetheless, because Dr. Williams' opinion was considered by the Appeals Council and incorporated into
     the administrative record, the exact date when Plaintiff first submitted Dr. Williams' report to the ALJ is

23   immaterial to the Court's analysis. For the reasons set forth herein, the Court still considers Dr. Williams'
     opinion in assessing whether the ALJ's decision was supported by substantial evidence in the record as a

24   whole.

1   constitute a basis for reversing the ALJ's decision. AR 5, 248-49. Thus, Dr. Williams' opinion is

2   properly before the Court, and the Court may consider it when determining whether the ALJ's

3   decision was supported by substantial evidence in the record as a whole. *See Brewes*, 682 F.3d at

4   1163.

5   **B.  Application of Standard**

6        Dr. Williams was Plaintiff's primary care physician from July 21, 2009 through the date

7   of her opinion. AR 248. On March 5, 2014, Dr. Williams found Plaintiff "carries the diagnoses

8   of multilevel lumbar degenerative disc diseases, neurofibromatosis type 1, hypertension,

9   prediabetes, and obesity." AR 248. Dr. Williams opined Plaintiff's various conditions medically

10  equaled Social Security listing 1.04 for disorders of the spine, and, due to Plaintiff's conditions:

> [s]he should not lift more than 10 pounds frequently throughout a work day. She
> can stand and walk for about 30 mintues [sic] at a time but should only stand and
> walk for a combinied [sic] total of less than 2 hours throughout a work day. She
> can sit about 30 minutes at a time but should only sit for less than 6 hours
> throughout a work day. It is necessary for her to alternate between sitting,
> standing, and lying down every 15 to 20 minutes to alleviate pain and numbness.
> She may lie down for more prolonged periods. She should not be engaging in
> postural activities like climbing, balancing, stooping, bending, kneeling,
> crouching or crawling as these activities exacerbate her pain. She should only
> occasionally reach throughout the day due to her shoulder and back pain.

16  AR 248. Dr. Williams also opined Plaintiff would need to miss two or more days a month from

17  even a simple, routine, and sedentary job. AR 248.

18       Plaintiff argues this opinion constitutes significant probative evidence which renders the

19  ALJ's decision, in light of the record as a whole, unsupported by substantial evidence. The Court

20  agrees.

21       An ALJ must consider every medical opinion, regardless of its source. 20 C.F.R. §§

22  404.1520; 404.1527(b) & (c). Further, an ALJ may not reject significant, probative evidence

23  without explanation. *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (*quoting Vincent v.*

*Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). If an ALJ does not consider significant, probative

evidence favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual

functional capacity determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

Defendant, citing *Burton v. Heckler*, argues the Court should only reverse and remand a

case based on new evidence presented to the Appeals Council if the evidence is material and

creates "reasonable possibility of changing the outcome of the ALJ's determination." Dkt. 14, p.

8 (citing *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984)). However, the section of

*Burton* cited by Defendant is interpreting the materiality requirement for a remand under

Sentence Six of 42 U.S.C. § 405(g). As discussed in Section I(A), above, Sentence Six does not

apply to this case. Thus, the analysis in *Burton* is inapposite.

In any event, Dr. Williams' opinion does create a reasonable possibility of changing the

outcome of the ALJ's determination. Because Dr. Williams was Plaintiff's treating physician,

her opinion would have been entitled to deference had it been before the ALJ. *See Lester v.

Chater*, 81 F.3d 821, 831 (9th Cir. 1996) (holding an ALJ must provide "clear and convincing"

reasons for rejecting the uncontradicted opinion of a treating physician, or "specific and

legitimate" reasons for rejecting the contradicted opinion of a treating physician). Further, Dr.

Williams' opined limitations are substantially more restrictive than those included in the ALJ's

residual functional capacity determination. AR 21. For example, though the ALJ found Plaintiff

was capable of performing some light work with additional exertional restrictions,[4] Dr. Williams

opined to limitations which would restrict Plaintiff to, at best, sedentary work. AR 248; 20

---

[4] The ALJ found Plaintiff was capable of performing light work as defined in 20 C.F.R. § 416.967(b), except "the claimant can stand and walk no more than four hours in an eight-hour day. She cannot climb ladders, ropes or scaffolds. She can no more than occasionally climb ramps and stairs. She must avoid concentrated exposure to hazards in the workplace. She is limited to simple, entry-level work in a routine environment. She can do no work requiring written instructions, written reports, or math calculations." AR 21.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 6

C.F.R. § 416.967(a). In fact, Dr. Williams' opinions Plaintiff would need to alternate between sitting and standing every fifteen to twenty minutes, and would be absent from her job at least two days per month, suggest Plaintiff might be more limited than even sedentary work. In light of this significant, probative evidence, the ALJ's conclusion Plaintiff has the residual functional capacity to perform light work subject to additional restrictions is not supported by substantial evidence, and requires remand for the ALJ to consider Dr. Williams' opinion.

II.   <u>Whether the Case Should be Remanded for an Award of Benefits or Further Proceedings.</u>

Plaintiff argues the case should be reversed and remanded for the award of benefits, rather than for further proceedings.

Generally, when the Social Security Administration does not determine a claimant's application properly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has established a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen*, 80 F.3d at 1292. This test, often referred to as the "credit-as-true" rule, allows a court to direct an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292). *See also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988). Further, even if the ALJ has made the

1    three errors under *Harman* and *Smolen*, such errors are relevant only to the extent they impact

2    the underlying question of Plaintiff's disability. *Strauss v. Commissioner of the Social Sec.*

3    *Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the

4    statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may

5    be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore,

6    even if the credit-as-true conditions are satisfied, a court should nonetheless remand the case if

7    "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."

8    *Garrison*, 759 F.3d at 1021 (*citing Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

9            Here, outstanding issues must be resolved. Despite Plaintiff's argument the record is fully

10   developed and no outstanding issues need to be resolved, Dr. Williams' opinion conflicts with

11   the less restrictive opinions of the state agency medical consultants, and the record otherwise

12   contains conflicting evidence concerning the degree and significance of Plaintiff's impairments.

13   AR 25, 32-35. Thus, there is insufficient evidence in the record to establish Plaintiff should be

14   found disabled as a matter of law, and the case should be remanded for additional proceedings.

15   *See Harman*, 211 F.3d at 1180. *See also Treichler*, 775 F.3d at 1104-06.

16                                    **<u>CONCLUSION</u>**

17          Based on the above stated reasons and the relevant record, the undersigned concludes the

18   ALJ's finding Plaintiff was capable of light work, and was not disabled, was not supported by

19   substantial evidence. The undersigned recommends this matter be reversed and remanded,

20   pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.  The undersigned

21   recommends judgment be entered for Plaintiff and the case closed.

22          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

23   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

24

1  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

2  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

3  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 3, 2016,

4  as noted in the caption.

5        Dated this 20th day of May, 2016.

6

7  David W. Christel

8  United States Magistrate Judge